1454

*Tuesday, November 14, 1995*

## MOTION DOCKET

**94–2622.** State v. Otte. *Cuyahoga County,* No. 64617. This cause is pending before the court as an appeal from the Court of Appeals for Cuyahoga County. Upon consideration of appellant's motion for stay of execution pending disposition of his appeal by this court,

IT IS ORDERED by the court that the motion for stay be, and hereby is, granted.

**95–1014.** Staskey v. Staskey. *Jefferson County,* No. 93–J–5. On October 31, 1995, appellant filed an asseveration in support of application for review. Appellant's asseveration is, in substance, a motion for reconsideration, and, as such, is untimely. Section 1(C), Rule XIV of the Rules of Practice of the Supreme Court of Ohio prohibits the filing of a document that is not timely tendered for filing. Accordingly,

IT IS ORDERED by the court, *sua sponte,* effective November 6, 1995, that appellant's asseveration in support of application for review, be, and hereby is, stricken.

**95–1014.** Staskey v. Staskey. *Jefferson County,* No. 93–J–5. On October 31, 1995, appellant filed a second asseveration in support of application for review. Appellant's second asseveration is, in substance, a motion for reconsideration, and, as such, is untimely. Section 1(C), Rule XIV of the Rules of Practice of the Supreme Court of Ohio prohibits the filing of a document that is not timely tendered for filing. Accordingly,

**95–1411.** Schlachet v. Cleveland Clinic Found. *Cuyahoga County,* No. 67569. On October 31, 1995, appellant filed a motion to stay this court's order of October 18, 1995. Appellant's motion is, in substance, a request for reconsideration of this court's entry of October 18, 1995, declining jurisdiction, and, as such, is untimely. Section 1(C), Rule XIV of the Rules of Practice of the Supreme Court of Ohio prohibits the filing of a document that is not timely tendered for filing. Accordingly,

IT IS ORDERED by the court, *sua sponte,* that appellant's motion to stay this court's order of October 18, 1995, be, and hereby is, stricken, effective November 6, 1995.

**95–2071.** Paschal v. Cuyahoga Cty. Bd. of Elections. In Mandamus. This cause originated in this court on the filing of a complaint for writ of mandamus regarding an expedited election matter. On October 31, 1995, respondent, village of Highland Hills, filed a reply memo to motion for summary judgment. There being no provision in the Supreme Court Rules of Practice permitting the filing of reply memoranda,

IT IS ORDERED by the court, *sua sponte,* effective November 6, 1995, that respondent's reply memo to motion for summary judgment be, and hereby is, stricken.

## MISCELLANEOUS DISMISSALS